UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMER CARDONA and ALEXIS CARDONA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CHAMPION EXTERIORS INC., and RONALD FRAME, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Civil Action No.:**<br><br>Jury Trial Demanded |

WILMER CARDONA and ALEXIS CARDONA ("Plaintiffs"), on behalf of themselves and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, STEVENSON MARINO LLP, as and for their Complaint against CHAMPION EXTERIORS INC. ("Champion"), and RONALD FRAME, individually (collectively as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (ii) the minimum wage provisions of the New Jersey Wage Theft Act ("WTA"), N.J.S.A. § 12:56-3.1; (iii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the overtime provisions of the WTA, N.J.S.A. § 12:56-6.1; and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants as manual laborers from March 29, 2021, through April 13, 2021 for Defendants' home improvement/roofing business. As described below, for the

duration of their employment period, Defendants willfully failed to pay Plaintiffs the wages lawfully owed to them under the FLSA and the WTA, as Defendants failed to compensate Plaintiffs at the statutorily required minimum wage for all hours worked and additionally failed to pay at the statutorily required overtime rate of pay for any of the hours that Plaintiffs worked beyond forty in a workweek.

3. Defendants' failure to pay overtime was not limited to Plaintiffs, but also extended to all of Defendants' manual laborers.

4. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated manual laborers during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs additionally bring their claims under New Jersey law on behalf of themselves and any FLSA Plaintiff, as that term is defined below, who opts into this action.

5. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other persons similarly-situated during the applicable WTA limitations period who suffered damages as a result of Defendants' violations of the WTA.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this

judicial district.

## PARTIES

8. At all relevant times herein, Plaintiffs worked for Defendants in New Jersey and were "employees" entitled to protection as defined by the FLSA and the WTA.

9. At all relevant times herein, Champion was and is a New Jersey corporation with its principal place of business located at 304 Park Avenue E, Hainesport, New Jersey 08036.

10. At all relevant times herein, Defendant Frame was and is Champion's owner and president. In this role, Defendant Frame oversaw Champion's operations, paid employees, and had the power to hire and fire and approve all personnel decisions with respect to all of Champion's employees. Defendant Frame oversaw the day-to-day activities of the manual laborers, including those of Plaintiffs, and was involved in the hiring of Plaintiffs and was responsible for paying Plaintiffs' wages.

11. At all relevant times herein, Defendants were and are Plaintiffs' "employers" within the meaning of the FLSA and WTA. Additionally, Defendants' qualifying annual business exceeded and exceeds $500,000.00, for all relevant years, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as Defendants employ two or more employees buy and sell tools, supplies, and equipment in the course of their business, which originate in states other than New Jersey, as well as accept credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29

U.S.C. § 216(b), on their own behalf, as well as on behalf of those in the following collective:

> Current and former manual laborers, who at any time during the applicable FLSA limitations period, performed any work for Defendants' and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the WTA during the applicable statutory period.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

18. Plaintiffs seek certification of the following FRCP 23 class:

> Current and former manual laborers, who during the applicable WTA limitations period, performed any work for the Defendants in New Jersey ("Rule 23 Plaintiffs").

### Numerosity

19. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

20. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (5) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (6) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (7) whether Defendants' actions

with respect to the Rule 23 Plaintiffs were in violation of the WTA; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21.   As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs as manual laborers. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiffs seek to represent, as Plaintiffs and the Rule 23 Plaintiffs work and/or have worked for Defendants in New Jersey in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the WTA to be paid at a rate of one and one-half times their regular rates for all hours worked per week in excess of forty. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the WTA. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

22.   Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiffs their overtime pay for all of their hours worked over forty each week, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to them. Thus, Plaintiffs would properly and

adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

23. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

Superiority

24. Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any manual laborer who worked for Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

27. Champion is a New Jersey corporation that owns and operates a siding/roofing/door and window installation business performing work on commercial and residential buildings with offices located at 304 Park Avenue E, Hainesport, New Jersey 08036 and 1804 Bayshore Road, Unit 2, Villas, New Jersey 08251.

28. Defendants hired Plaintiffs as manual laborers on or about March 29, 2021, and terminated both of their employments on April 13, 2021.

29. As manual laborers, Plaintiffs were responsible for installing doors, windows, and wall panels on buildings.

30. Throughout their employment, Plaintiffs worked six (6) days per week, Monday

through Saturday, commencing their work each day at approximately 7:30 a.m. and working until approximately between 6:00 p.m. and 7:00 p.m. each day without any uninterrupted meal break. Thus, Plaintiffs worked for Defendants approximately seventy-nine (69) hours per workweek.

31.     For their work, Defendants paid Plaintiffs an hourly rate of $17.00 per hour for their first week of work, but failed to pay Plaintiffs at any rate, let alone the minimum wage rate, for any hours that Plaintiffs worked during their second or third workweeks.

32.     Accordingly, despite that Plaintiffs worked over forty hours for each workweek, Defendants failed to pay Plaintiffs for the hours worked over forty each week at the statutorily required overtime rate of one and one-half times their regular rate.

33.     By way of example only, for six days during the week of April 5, 2021, to April 11, 2021, Wilmer Cardona worked Monday through Saturday, working the following hours:

- April 5:      11 hours;
- April 6:      11 hours;
- April 7:      10 hours, 30 minutes;
- April 8:      10 hours, 30 minutes;
- April 9:      10 hours, 30 minutes;
- April 10:     9 hours, 30 minutes;
- April 11:     Off.

Thus, Plaintiff Wilmer Cardona worked sixty-three (63) hours this workweek. For his work during this specific workweek, Defendants failed to pay Plaintiff Wilmer Cardona his regular rate of $17.00 per hour, or his overtime rate of $25.50 per hour for the twenty-three (23) hours that he worked over forty this week.

34.     Defendants paid Plaintiffs for their first week of work, March 29, 2021, through

April 4, 2021 by cash.

35. Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

36. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

37. Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the FLSA*

38. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. 29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than the federally mandated minimum wage.

40. As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs are employees within the meaning of the FLSA.

41. As also described above, Defendants failed to compensate Plaintiffs for all hours worked in accordance with the FLSA's minimum wage provisions.

42. Defendants willfully violated the FLSA.

43. Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

44. Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the WTA*

45. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. N.J.S.A. § 12:56-3.1 prescribes a minimum wage that employers must pay to their employees for each hour worked.

47. As described above, Defendants are employers within the meaning of the WTA, while Plaintiffs are employees within the meaning of the WTA.

48. As also described above, Defendants failed to compensate Plaintiffs at the minimum hourly rate of pay for all hours worked in accordance with the WTA's minimum wage provisions.

49. Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

50. Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the WTA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

51. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

53. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

54. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

55. Defendants willfully violated the FLSA.

56. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the WTA*

58. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. N.J.S.A. § 12:56-6.1 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

60. As described above, Defendants are employers within the meaning of the WTA, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the WTA.

61. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the WTA's overtime provisions.

62. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

63. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the WTA's overtime provisions.

## **DEMAND FOR A JURY TRIAL**

64. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the WTA as a class action pursuant to FRCP 23;

  f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the WTA;

  h. Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiffs;

  i. Designation of Plaintiffs and Plaintiffs' counsel as collective and class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

      k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
          August 26, 2021

                                                Respectfully submitted,

                                                Stevenson Marino LLP
                                                *Attorneys for Plaintiffs*
                                                75 Maiden Lane, Suite 402
                                                New York, New York 10038
                                                (212) 939-7229

                                                /s/ J.R. Stevenson
                    By:     _____
                                                J.R. Stevenson